■ HOTEL REPRESENTATIVE, INC., Respondent, v INTERNATIONAL CONFERENCE CENTER, INC., Defendant, and ARLINGTON CARPET COMPANY, INC., Appellant.—Order granting plaintiff-respondent's motion for summary judgment, and judgment thereon, Supreme Court, New York County, entered, respectively, on July 22 and August 28, 1975, in favor of plaintiff-respondent against defendant-appellant Arlington Carpet Co., Inc., unanimously modified, on the law and in the exercise of discretion, as hereinafter set forth, and otherwise affirmed, with $60 costs and disbursements to plaintiff-respondent against defendant-appellant. Plaintiff Hotel Representative, Inc., is, as its name indicates, the agent for numerous European hotels. It entered into negotiations with defaulting defendant International Conference Center, Inc., in behalf of its client, defendant-appellant Arlington Carpet Co., Inc., for a vacation trip, sponsored as a promotional incentive, for 300 retail sellers of Arlington's products. Being dissatisfied with International Conference's credit performance, Hotel Representative insisted upon cash or its equivalent, or Arlington's guarantee. The latter was furnished and is sued on. It is noted that, as disclosed principal, Arlington was under a primary obligation in addition to that under the guarantee. The claim of duress in the obtaining of the guarantee is not well founded for plaintiff's insistence on direct payment was contractually based. Indeed, Arlington, disregarding plaintiff's advice not to do so, paid International Conference directly, the money not being turned over to Hotel Representative. Plaintiff is entitled to the judgment obtained, and Arlington must look to International Conference for refund. Indeed, it has a pending cross claim against International Conference for this money. The cross claim, together with a separate Nassau County action by International Conference against Arlington based on the duress claim, heretofore consolidated with this action, are directed to be severed from this action and remanded for further proceedings. Concur—Stevens, P. J., Markewich, Birns, Silverman and Nunez, JJ.